UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Faustin Bruce Romero, | ) | Crim. No.: 4:13-cr-00056-RBH-1 |
| | ) | Civil Action No.: 4:16-cv-01903-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's [ECF No. 54] motion to vacate pursuant to 28 U.S.C. § 2255. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner argues his base offense level was incorrectly determined because his prior conviction for Attempted Burglary is no longer a crime of violence under the Sentencing Guidelines.

On June 30, 2016, the government filed a response and motion for summary judgment arguing that Petitioner's claim of misapplication of the Sentencing Guidelines is not cognizable on collateral review and that *Johnson* does not apply to Sentencing Guidelines claims. The government also argues that Petitioner's claim is procedurally defaulted. For the reasons stated below, the Court grants the government's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

**Procedural History**

On April 17, 2013, Petitioner pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report ("PSR") prepared by the U.S.

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Probation Office determined that Petitioner had a base offense level of 20 based on a prior conviction for a crime of violence, specifically Attempted Burglary 2nd degree. [ECF No. 50 at 21]. Petitioner had a total offense level of 23 and criminal history category of VI, which produced an advisory guideline range of 92 to 115 months in prison.

A sentencing hearing was held on August 14, 2014. The Court sentenced Petitioner to an 84 month term of imprisonment. Petitioner did not file a direct appeal. Petitioner filed the pending pro se motion to vacate on June 13, 2016.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding

under § 2255.").

**Discussion**

Petitioner's claim that his base offense level was incorrectly determined because his prior conviction for Attempted Burglary is no longer a crime of violence under the Sentencing Guidelines is not cognizable on collateral review. In *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015), the Fourth Circuit Court of Appeals held that a § 2255 motion to vacate that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate. *Foote*, 784 F.3d at 940. Applying *Foote* to the instant case, Petitioner's claim that his base offense level was improperly determined is not cognizable on collateral review. Petitioner has failed to demonstrate a fundamental defect or miscarriage of justice. Petitioner was sentenced below the statutory maximum and below his advisory guideline level of 92 to 115 months.

Petitioner's claim is also foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner argues the residual clause of the sentencing guidelines is void for vagueness. In *Beckles*, however, the Supreme Court declined to extend *Johnson* to the Sentencing Guidelines and held the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process clause and the residual clause found in former § 4B1.2(a)(2) of the Sentencing Guidelines is not void-for-vagueness. *Beckles*, 137 S. Ct. at 895. Thus, Petitioner's reliance on *Johnson* is misplaced and his challenge to his base offense level fails. *Beckles v. United States*, 137 S. Ct. 886 (2017)

The Court also finds that Petitioner's claim is procedurally defaulted and untimely.

For the foregoing reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be

3

dismissed.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 62] motion for summary judgment is **GRANTED** and Petitioner's [ECF No. 54] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. The Court **DENIES** a certificate of appealability.

Petitioner's [ECF No. 65] motion to appoint counsel is **MOOT** in that the Federal Public Defender's Office appeared on Petitioner's behalf and responded to the government's motion for summary judgment.

**IT IS SO ORDERED**.

June 11, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge